USCA1 Opinion

 

 July 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1296 ELEANOR A. BENT, Plaintiff, Appellant, v. MASSACHUSETTS GENERAL HOSPITAL, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Eleanor A. Bent on brief pro se. _______________ Frank E. Reardon, Michael J. Racette and Hassan & Reardon on ________________ __________________ ________________ brief for appellees Massachusetts General Hospital and Cornelius Grania, M.D. Susan H. Williams and Taylor, Anderson & Travers on brief _________________ ___________________________ for appellee Falmouth Hospital. James A. Polcari and Dunn & Rogers on brief for appellee ________________ ______________ Alan Cordts, M.D. Jennifer Ellis Burke and Taylor, Anderson & Travers on brief ____________________ __________________________ for appellee South Shore Hospital. John M. Dellea and Ficksman & Conley on brief for appellees _______________ _________________ Burton Mendel, M.D. and Lahey Clinic Foundation. __________________ __________________ Per Curiam. We conclude that the district court __________ properly dismissed plaintiff's action for lack of subject matter jurisdiction. Plaintiff complained of the treatment she and her mother received from various private doctors and other health care providers. She contended the providers' conduct was so egregious as to amount to a deprivation of her constitutional rights to privacy, life, liberty, and the pursuit of happiness. Because the defendants are all private actors, plaintiff has failed to state any viable federal civil rights claim under 42 U.S.C. 1983. Mendez v. Belton, 739 F.2d 15, ________________ 17 (1st Cir. 1984). At best, plaintiff set forth state law causes of action. As complete diversity of citizenship is lacking between the parties, the federal district court did not have jurisdiction to adjudicate the state law claims and properly dismissed the action. Lundquist v. Precision Valley _____________________________ Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) ("Under 28 ______________ U.S.C. 1332(a)(1), there is diversity of citizenship if the plaintiff is a `citizen' of a different state than all of the ___ defendants.") (emphasis added); Franklin v. Murphy, 745 F.2d ___________________ 1221, 1229 (9th Cir. 1984) (absent diversity, district court has no subject matter jurisdiction over medical malpractice claim against private defendants). Affirmed. ________ -2-